UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES EDWARD JOHNSON | CIVIL ACTION NO. 14-cv-1816 |
| VERSUS | JUDGE FOOTE |
| STEVE PRATOR, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Charles Johnson ("Plaintiff"), who is self-represented, was formerly housed at the Caddo Correctional Center ("CCC"). He filed this civil rights action against Sheriff Steve Prator, Commander Robert Wyche, Caddo Correctional Center Jail, and Medical Staff Caddo Correctional Center. The court dismissed the claims against the latter two defendants because they are not legal entities capable of being sued. Doc. 22.[1]

Sheriff Prator and Commander Wyche, the only remaining defendants, have filed a Motion for Summary Judgment (Doc. 25) that is before the court. The motion was noticed for briefing, but Plaintiff (who is no longer housed at the jail) did not file any response. For

---

[1] The order explained that the complaint named the Caddo Correctional Center Jail as a defendant, but it is not a legal entity that may be sued. It is merely a building and grounds owned by the sheriff. Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D. La. 2009) ("It is well established that a detention center is not a legal entity capable of being sued."). The complaint also named as a defendant Medical Staff Caddo Correctional Center. That is simply a description of a group of employees, which may not be sued or served in that fashion. Ferguson v. Prator, 2014 WL 2465534, *4 (W.D. La. 2014) ("The Medical Administration Caddo Correctional Center, named in the complaint, is also not a separate legal entity.").

the reasons that follow, it is recommended that the motion be granted and that all remaining claims be dismissed.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

Plaintiff alleged in his complaint that he was extradited from Texas and arrived at CCC on May 6, 2014 with a wheelchair that he required because of lower back and neck pain that render him disabled. Plaintiff alleged that the CCC medical department gave him a

"medical pass" for his back and neck, but he was then housed in regular cells rather than a handicap accessible cell. Plaintiff filed kites and grievances that complained his wheelchair had been taken, and he was scared he would fall while using a walker. He also complained that he had not been given proper medication for his pain, and he wanted a handicap accessible cell.

Defendants submitted summary judgment evidence, including copies of Plaintiff's medical and other prison records. The records indicate that Plaintiff was arrested in Texas and extradited to CCC on May 6, 2014 based on a bench warrant related to a drug charge. The records include a Texas Uniform Health Status Update completed on the day of arrest that indicated Plaintiff had no special housing restrictions, could use routine transportation, and used a cane. The Texas screening form had a place to check if a wheelchair was required for transportation, but it was not checked.

CCC medical staff completed an inmate medical screening form that same day. It indicated that Plaintiff experienced back pain and took prescription medications. In the space to indicate handicaps/restricted mobility, the staff wrote that Plaintiff should be assigned to a lower bunk and lower tier because of "spinal issues & came with a cane that was sent to property."

Nurse Sheila Wright, the Health Services Director at CCC, submitted a statement under penalty of perjury in accordance with 28 U.S.C. § 1746. She stated that she was familiar with Plaintiff, and he arrived with a cane but not a wheelchair. Between the time

Plaintiff was booked until he filed this suit, he was treated by medical staff or physicians on eight separate occasions, mostly for back and neck pain. CCC records indicate that Plaintiff was also seen by medical staff for issues including a rash on his foot, a swelling leg, and a claim that he hit his head on a window. The records indicate that Plaintiff was, at times, allowed to use a wheelchair, but Nurse Wright states that the decision to assign a cane was a medical decision made after appropriate assessment of Plaintiff's condition and considering all options. The records indicate that a physician offered a walker, but Plaintiff refused it, which resulted in the allowance of a cane.

Nurse Wright states that Plaintiff was prescribed Naprosyn for his back and neck pain on May 23, 2014, but he consistently refused to take the medication. His medical records are filled with several pages of his signed refusals to even try the medication because of his contention that it "don't work." Nurse Wright states that the decision to assign Plaintiff to a non-handicap cell was a medical decision made after appropriate consideration of all options and determining that Plaintiff did not need such a cell. She adds that neither Sheriff Prator nor Commander Wyche had any personal involvement in determining the cell assignments or whether Plaintiff would be allowed a wheelchair, walker, or cane.

Plaintiff gave the court notice (Doc. 7) in September 2014 that he was at a new address, a private residence in Shreveport that was listed as his mother's address in his booking papers. He has since notified the court that he has moved to Big Spring, Texas.

Doc. 13. Notice of the motion for summary judgment was sent to Plaintiff at his current address, but he did not file any response.

**The Constitution and Inmate Medical Care**

For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92.

A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Easter v. Powell, 467 F.3d 459, 463-64 (5th Cir. 2006); Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Mere disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

**Analysis**

The summary judgment records shows that Plaintiff's physical condition was assessed by medical professionals, and Plaintiff was assigned an assistive device, medication, and a

cell with a lower tier/bunk designation. Those decisions were made specifically to address Plaintiff's back and neck pain. Plaintiff was apparently dissatisfied with his cell assignment, would have preferred a wheelchair to a cane or a walker, and refused to even try the prescribed medication.

The facts presented would not allow a reasonable fact finder to determine that Sheriff Prator or Commander Wyche were deliberately indifferent to any of Plaintiff's serious medical needs. Plaintiff's disagreement with the choices made by CCC officials is not enough to establish a potential Eighth Amendment claim. See, e.g., Cooper v. Hung, 485 Fed. Appx. 680 (5th Cir. 2012) (prisoner's claim against administrative officers was frivolous when medical professionals concluded he did not require special shoes and a cane, and administrators did not choose to supersede that medical judgment).

Furthermore, there is no evidence that Prator or Wyche—who are the only properly named defendants—had any personal involvement in the challenged forms of treatment and cell assignment. To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must establish that a defendant was either personally involved in the deprivation of a constitutional right or that his wrongful actions were causally connected to the deprivation. A supervisor is not personally liable for a subordinate's actions in which he had no involvement. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008). Plaintiff has not produced any summary judgment evidence, or even an allegation of specific fact, that Sheriff Prator or Commander

Wyche had any personal involvement in the challenged medical care and related decisions. Both men, who are the only two remaining defendants, are entitled to summary judgment.

Accordingly,

**IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 25) be **granted** and that all claims against Sheriff Steve Prator and Commander Robert Wyche be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of December, 2016.

Mark L. Hornsby
U.S. Magistrate Judge